# IN THE TRIBAL COURT

## OF THE COSTANOAN-CHUALAR INDIAN TRIBAL COMMUNITY

## OF INDIAN CANYON

| | |
|---|---|
| HONORABLE TRIBAL CHAIRWOMAN KANYON SAYERS-ROODS OF THE COSTANOAN-CHUALAR INDIANS OF INDIAN CANYON,<br>Plaintiff,<br><br>v.<br><br>MARLENE RITA MACHADO; & JANE DOE (in an individual or official capacity)<br>Defendants. | Case No. 22-CR-001<br><br>(AMENDED) ORDER OF RESTRAINT PURSUANT TO 28 U.S.C. 1360, & 25 C.F.R. 11.450(a), 170 ET SEQ.; & ISSUANCE OF ARREST WARRANT PURSUANT TO 25 C.F.R. 11 ET SEQ. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
PLAINTIFFS / DEFENDANTS / GOV / COURTS
CASE NO. 22CR338 BLF    EXHIBIT NO. A
FILED BY: 9/23/2022    Kenen L. Hom
SUSAN Y. SOONG Mark Busby    DEPUTY CLERK
CLERK

### (AMENDED) PERMANENT ORDER OF RESTRAINT

On this 29th day of July, 2022, pursuant to U.S. District Court's *Doc. 38 Order* [Exhibit A], this Tribal Court issues a judicial order for motion *sua sponte* on (Amended) Permanent Order of Restraint against Defendant Marlene Rita Machado, a non-Indian trespasser and criminal offender dwelling and trespassing on Indian Canyon Road of the Costanoan Indian Tribal Community of Indian Canyon, notwithstanding that she was previously served an Order of Restraint by Tribal Council and asked to

not to return to Indian Canyon Road without authorization from Tribal Council, in the presence of the two officers from the San Benito County Sheriff's office, on or about July 13, 2022.

Since the aforesaid day when this judicial order was duly issued by this Court and served by Tribal Council, Defendant Marlene Machado has habitually defied this court order. Her misdemeanor has ran afoul insofar that she has been reported and recorded by Tribal personnel to have returned to Indian Canyon Road multiple times since the first restraining order was served, stolen and destroyed 'No Trespassing Signs' purchased and installed by Tribal Council this week [Exhibit B], flouted Tribal Council's decree to not return to the Indian Country without authorization from Tribal Council, and incited an (unnecessary) issue in controversy amount Tribal Council, and local and state officials.

---

<sup>1</sup>*"Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a BIA road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road."'* Mcdonald v. Means, 99-36166oa (9th Cir. Aug. 14, 2002).

---

THEREFORE, IT IS HEREBY ORDERED THAT THE EARLIER ORDER OF RESTRAINT BE AMENDED AS FOLLOWS:

1. Defendant Machado is permanently prohibited from dwelling, residing, visiting, or entering the physical limits of Indian Canyon Ranch.

2. Defendant Machado is permanently enjoined from having physical or virtual via proxy communication or access to any phone, mailbox, email account, intellectual property, or properties held exclusively by tribe members Ann-Marie Sayers, Kanyon Sayers-Roods, or Christopher Sayers; or any official at the Tribal Council of the Costanoan Indian Tribal Community of Indian Canyon.

3. Defendant Machado is permanently enjoined from traveling on Indian Canyon Road by vehicle or foot without receiving authorization from Tribal Council in advance [supra. *McDonald v. Means*].

4. Defendant Machado, or any person or organization in concert and participation with Defendant Machado under *Restatement (Second) of Torts § 876*, shall be fined the amount of $5,000 pursuant to 25 C.F.R. 11.450(a) for every time Defendant Machado is caught trespassing on Indian Canyon Road, or within the limits of Indian Canyon Ranch.

---

[2]"[T]he Restatement of Torts states: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . ." Restatement (Second) of Torts § 876 (1979) (emphasis added)." *Doe I v. Unocal Corp.*, 395 F.3d 932 (9th Cir. 2002).

---

IT IS FURTHER ORDER THAT:

1. Tribal Police are authorized to use force if necessary to detain

Defendant Machado or any person in concert and participation with Defendant Machado's misdemeanor under this Order, in the event this Order is violated in part or whole.

THEREBY THIS ORDER ON ISSUANCE OF ARREST WARRANT WITHIN TRIBAL COURT'S JURISDICTION IS HEREBY ISSUED AND SHALL BE ENFORCED IN FAVOR OF PLAINTIFF SAYERS-ROODS'S MOTION TO AMEND THE INITIAL ORDER OF RESTRAINT.

Additionally, shall this Order be served to Defendant Machado and copied to state, federal, and city officials with a particular interest in this legal action.

Lastly, if any arrest be made under this Order, Plaintiff or Plaintiff's subordinates shall duly execute the arrest pursuant to 25 C.F.R. 11 et seq., whereby shall include detaining Defendant Machado, notifying the San Benito County Sheriff, and keeping the detainee in safety amid waiting for the sheriff to remove her from Indian Canyon.

3/01/22 07:51PM Administrative Filing Robert Peterson & Associates P.C. 8316361416 Page 9/26

Case 5:22-cr-00338-BLF Document 6 Filed 09/23/22 Page 5 of 5
Case 5:22-cr-00302-LSD Document 11 Filed 07/26/22 Page 5 of 15

Date: <u>June 29, 2022</u>

_____
Cary L. Peterson, LL.D.
Chief Justice of Tribal Court
of the Costanoan Indian Tribal Community of Indian Canyon
Office of Honorable Tribal Chairwoman & President,
Kanyon Sayers-Roods