Kanyon Sayers-Roods, Plaintiff
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055
ksr@costanoan.org

ATTN TO:      Clerk of Court (USDC-CAND)

IN RE:        *Sayers-Roods, et al. v. Machado* (CAND, June 16, 2022)
              C.A. No. 5:2022cv03092 - (Exhibit Showing Costanoan
              Indian Tribal Government Notice to Bureau of Indian Affairs
              Pursuant to USDJ Davila's Doc. 38 Order as to Costanoan
              Indian Tribe's sovereign jurisdiction.

UNITED STATES DISTRICT COURT
NORTHERN DISTIRICT OF CALIFORNIA
PLAINTIFFS / DEFENDANTS / GOV / COURTS
CASE NO. 22 CR 338 BLF   EXHIBIT NO. D
FILED BY: 9/23/2022   Karen L. Hom
SUSAN Y. SOONG          DEPUTY CLERK
CLERK

Case 5:22-cr-00338-BLF   Document 6-3   Filed 09/23/22   Page 2 of 10

7/9/22, 1:44 PM                    Roundcube Webmail :: [ATTN BIA Director; BIA WX/RO Director - USDC Order as to Costanoan Tribal Gov't] Fwd: In re: [ATTN TO: Tribal Operations - re S...

# [ATTN BIA Director; BIA WX/RO Director - USDC Order as to Costanoan Tribal Gov't] Fwd: In re: [ATTN TO: Tribal Operations - re Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)]



| | | |
|---|---|---|
| **From** | Peterson, Cary (Costanoan.Org - Legal Affairs) <legal@costanoan.org> |
| **To** | Jessie Durham <jessie.durham@bia.gov>, Darryl LaCounte <Darryl.LaCounte@bia.gov> |
| **Cc** | As-ia Foia <as-ia_foia@bia.gov>, Elizabeth Jackson <elizabeth.jackson@bia.gov>, IAD, BIA <BIA_IAD@bia.gov>, Jesse Abernathy <jesse.abernathy@bia.gov>, Lorenz, Christopher L <christopher.lorenz@bia.gov>, Viola Brooks <viola.brooks@bia.gov>, Chooper <chooper@cosb.us>, Gbarton <gbarton@cosb.us>, Vicasada <vicasada@cosb.us>, Merri Lopezkeifer <merri.lopezkeifer@doj.ca.gov> 6 more... |
| **Date** | 2022-07-08 17:47 |
| **Priority** | Highest |

📄 Roods v. Machado - Doc 38 Order.pdf (~95 KB)    📄 Roods v. Machado - Doc No 37 (Executed Subpoena to SB Co DA Office).pdf (~8.5 MB)

Dear Mr. Durham,

Dear Mr. LaCounte,

Please accept this official notice on behalf of the Costanoan Indians Tribal Community of Indian Canyon of California and update your records according to this electronic transmission's federal court order attached hereto.

Shortly after your subordinate Ms. Viola Brooks at BIA.Gov Sacramento departed from our phone call concerning the original email discussions herein below, I received notice of this court order of states the following, among other things that are now declared a particular interest of BIA.Gov and the Costanoan Tribal Government ("Council"). Thus, this acknowledgment of our tribal nation is new; presently, no "Costanoan Tribal Court" exists within our tribal government. I am the appointed 'law and compliance' chief of the tribal band serving Honorable Tribal Chairwoman and President, Kanyon Sayers-Roods, who succeeds her mother, Tribal Councilwoman Ann-Marie Sayers, whom your office has previously acknowledged as a Costanoan Indian on multiples occasions, as is Honorable U.S Judge Edward Davila did today in his court order issued.

Case 5:22-cr-00338-BLF   Document 6-3   Filed 09/23/22   Page 3 of 10

*"To the extent the title of the claim suggests interference with tribal activities, the claim should be resolved by the Constanoan Tribal Court in the first instance. See*

*Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 18 (1987). "Tribal authority over the activities of non Indians on reservations lands in an important part of tribal sovereignty." Id. "Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific*

*treaty provision or federal statute." Id.*

*("1 Section 1360(a) provides that state courts "shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in . . . [a]ll Indian country within [California].")*

The subpoena Tribal Council served to San Benito District Attorney is moot at this point. Among the federal court, BIA's interest per S.B. Co. DA's communication with your agency, and my tribal council, we're a sovereign government that is allowed to uphold a judicial court, constitution, and anything that falls under Federal Indian Law, of which is regulated by the Interior Secretary and Congress.

Please let me know when is a good time to hold our initial tribal consultation. We can gladly meet with your agency on Zoom, at our downtown San Jose satellite office, or at your Sacramento branch office.

Respectfully,

---



Cary Peterson
Chief Counsel
Costanoan Indian Research Inc.,

Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,

Costanoan-Chualar Indian Tribal Community of Indian Canyon

1 Indian Canyon Road

Hollister, CA 95024

(831) 531-0055 ext.23

clpeterson@costanoan.org

www.costanoan.org


-------- Original Message --------

**Subject:** In re: [ATTN TO: Tribal Operations] Fwd: In re: [**Priority**] Issue on Indian Canyon Reservation (Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)

**Date:**    2022-07-08 15:35

**From:**    "Peterson, Cary (Costanoan.Org - Legal Affairs)" <legal@costanoan.org>

**To:**      viola.brooks@bia.gov, elizabeth.jackson@bia.gov

**Cc:**      jesse.abernathy@bia.gov, admin@indiancanyonlife.org, Kanyon Sayers-Roods <ksr@costanoan.org>


Dear Ms. Brooks,

Dear Ms. Jackson,


Per the kind reference from your colleague, Mr. Abernathy, with whom I had a lengthy phone discussion about the extraordinary matter that is detailed in the forwarded email herein below, I contact your office with hopes of obtaining a remedy on something that appears to be an administrative oversight that has caused Costanoan-Chualar Indian Tribal Community to come to this instant discussion.


The legal attachments relate to a civil action pending at the Federal courthouse in San Jose. If you read the transcript, you will see the discussion the judge, our tribal council's charwoman, and I had in a June hearing. Thus, the judge recognizes our tribal council, our tribal community, and our tribal activities and partnerships with state/federal agencies.

7/9/22, 1:44 PM

Case 5:22-cr-00338-BLF   Document 6-3   Filed 09/23/22   Page 5 of 10

Roundcube Webmail :: 2022 NOA/Director, BIA/WX/RO Order List 09 Order List 09 Costanoan Tribal Agent Swollin re. [ATTN TO: Tribal Operations - re S...

Before I began working for Tribal Council, a petition for BIA acknowledgment was defectively submitted (https://www.costanoan.org/wp-content/uploads/2022/03/Letter-from-BAR.pdf), resulting in everything falling to the wayside. Over the past six months that I've worked for Tribal Council and the related business interests, I have been able to investigate pertinent documents on Costanoan Indian tribe members Ann Marie Sayers and Christopher Sayers, Sebastian Garcia (Mr. and Ms. Sayers's great grandfather according to BIA Sacramento's records [http://www.costanoan.org/wp-content/uploads/2022/03/Indian-Canyon-Genealogy-Chart.pdf]). And I believe your office has a copy of the tribal band's constitution and other supporting documents (https://www.costanoan.org/about-us/).

Interestingly, the law and lobbying firm that came before my private firm began lobbying this issue (https://lda.senate.gov/filings/public/filing/772858cb-3437-4c95-8838-9027b5679dda/print/) but didn't quite finish the job due to lack of funding from the then-sponsor paying the legal bills. Moreover, after speaking with several new legal associates I hired to provide me consultant and advisor on Federal Indian Law, 28 CFR Part 83, and Title 25 of U.S. Code, I began to realize why the tribal community and tribal band were not recognized by your office, yet acknowledged by the U.S. Army and FTA.Gov (other federal agencies). Again- this brings me back to the court discussion I had with Hon. U.S. Judge Davila last month. He also acknowledged our tribal community and tribal council leaders having an ongoing relationship with federal agencies that recognize our tribal band.

**I would like to obtain your advice on how to adhere to the facts we have from the pending court case, whatever BIA has on record from the 1989 petition, and anything pertinent to the instant discussion of which we could use to fast-track a review and processing on this administrative remedy request to cure this obvious administrative error.**

Presently, Ann-Marie Sayers is recovering at the Gilroy Health & Rehab Center. She desperately wants to return to Indian Canyon. However, if you read the email below sent to BIA West Regional Director Durham, you will understand why that agenda is not logical or possible. Additionally, I firmly believe Indian Canyon is not a safe place for its tribal members, tribal personnel, and Indian country visitors due to the poor maintenance and public safety measures invoked over several decades due to a lack of funding.

The Sayers family did a great job keeping things together to the best of their ability. Since I began serving the tribal community last year as a volunteer and donor, I have managed to find a well endowed philanthropist who is aiding the tribal community's redevelopment and restructure of

management in efforts to bring Indian Canyon to a status where tribal activities and indigenous studies can continue to take place (www.costanoan.org), bearing in mind that our tribe is the only Costanoan tribal band that has Indian trust land. We allow our cousin tribes to use our land for ceremonies and approved tribal activities. This becomes a hardship when there's an unsound non-Native trespasser that won't leave, and there are several rattlesnakes (requiring professional pest control services), no electricity or power storage, or lack of proper insurance coverage for the land and tribal member houses.

Hence, the two "Indians" of our tribal band that you know to have roll numbers are living on SSA and state government aid, which provides little to any resources to support safely and comfortably living on the Indian country that the tribal members have called home since President Taft allotted to Sebastian Garcia of the "Chualar Indians" it in 1911 (http://www.costanoan.org/wp-content/uploads/2022/03/Sebastian-Garcia-President-Taft-1911.pdf), which was followed by Indian trust land that DOI allotted to Ann-Marie Sayers of the "Costanoan Indians" in 1988 (http://www.costanoan.org/wp-content/uploads/2022/03/Ann-Marie-Trust-Patent-1988-1.pdf). The two documents, as mentioned earlier, in conjunction with the tribal band genealogy chart (http://www.costanoan.org/wp-content/uploads/2022/03/Indian-Canyon-Genealogy-Chart.pdf) stamped by your office clearly acknowledge the 'Indian Tribe' and its members.

The tribal band being acknowledged would open the doors for human services aid and other DOI/BIA funding to maintain our tribal community. Please let me know the best approach to resolving this administrative oversight issue.

Respecfully,

---

Cary Peterson
Chief Counsel
Costanoan Indian Research Inc.,

7/9/22, 1:44 PM Roundcube Webmail :: Fwd: [\*\*Priority\*\*] Issue on Indian Canyon Reservation... [ATTN TO: Tribal Operations - re S...

Case 5:22-cr-00338-BLF   Document 6-3   Filed 09/23/22   Page 7 of 10

Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,
Costanoan-Chualar Indian Tribal Community of Indian Canyon
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055 ext. 23
clpeterson@costanoan.org
www.costanoan.org


-------- Original Message --------

**Subject:** In re: [\*\*Priority\*\*] Issue on Indian Canyon Reservation (Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)

**Date:** 2022-06-29 16:29

**From:** "Peterson, Cary (Costanoan.Org - Legal Affairs)" <legal@costanoan.org>

**To:** "Lorenz, Christopher L" <christopher.lorenz@bia.gov>, jessie.durham@bia.gov, Darryl.LaCounte@bia.gov, BIA_IAD@bia.gov

**Cc:** richardsonke@prc.gov, Kanyon Sayers-Roods <ksr@costanoan.org>, foia@bia.gov, FOIA@doioig.gov, admin@indiancanyonlife.org, merri.lopezkeifer@doj.ca.gov, aliu@rpflegal.com, Sharma Ishita <sharma.ishita@rpflegal.com>, rdintaman@gmail.com, as-ia_foia@bia.gov, cheinz@costanoan.org, tbishop@costanoan.org, vicasada@cosb.us, gbarton@cosb.us, chooper@cosb.us


Dear Mr. Durham (BIA-WX/RO Director),


Dear Mr. LaCounte (B.I.A. Director),


Dear Mr. Lorenz (BIA Special Agent),


This electronic transmission comes to your immediate attention under priority status on behalf of the Costanoan-Chualar Indian Tribal Community of Indian Canyon, respective to the above-entitled subject line (*In re: [\*\*Priority\*\*] Issue on Indian Canyon Reservation (Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)*), and a phone conversation I had today with San Benito Co. deputy district attorney Mr. Barton, who tells me that the Bureau of Indian Affairs has expressed that they have a particular interest in the investigation or prosecution of tort or criminal offenses

relative to the non-Native, trespasser-offender, defendant Ms. Marlene Machado. Hence, these California county-state law enforcement officials acknowledge B.I.A.'s interest in the aforesaid matters of our Indian tribal community and Indian trust land of Costoanoan-Chualar Indians Ms. Sayers and Mr. Garcia,

Presently the federal court in San Jose has placed this extraordinary issue in controversy in a holding pattern. However, if you take a look at the email attachments, you will see the following court documents:

1. Court transcript from 6/14/2022 oral hearing (*Sayers-Roods et al. v. Machado*).

2. Emergency Motion for Leave on Second, Amended Proposed Order (E.C.F. Doc. 32)

3. Second, Amended Proposed Order for Removal to State of Claims #1 & #3, and TRO for Claim #2 (re USPS rural mailbox & other USPS interests according to Doc. No. 16-3 (USPS declaration on federal agency jurisdiction).[Doc. No. 16-3 is hereto as an attachment, also].

4. Case Docket Summary Report for Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD.

5. Defendant Machado's (unsound) response motion wherewith she purports to be a sovereign citizen or entity under copyright [Notice that the E.C.F. Clerk does not acknowledge entry of appearance of Ms. Machado as a case party Pro Se or represented by legal counsel upon her Doc. 31 court filing shown in the record (referring to the case docket report of 6/26/2022 hereto as an attachment)].

Based on the five attachments referenced herein above, the tribal council and county DA are left powerless to uphold the federal statutory laws under 28 U.S.C. 1360, whereby Honorable U.S. District Judge Davila concurs in his show cause order, in addition to the oral judicial determination [see court 6/14/2022 transcript], that both the Indian tribal council and state-county officials had jurisdiction to remove Ms. Machado from Indian Canyon.

However, today's phone conversation with the San Benito County district attorney affirms that B.I.A. continues to preserve its claim to jurisdiction on this Indian Canyon-Machado issue in controversy-in-chief. Moreover, USPS postal inspector's criminal unit has declared likewise [Doc. No. 16-3 attachment]. As I understand, legally, the U.S. Attorney or U.S. District Court is the only federal authority that can issue injunctive relief against subject-offender Machado. Such an order would come at the behest of the federal agent in charge of such a criminal or civil action.

Therefore, I submit this administrative remedy request under 5 U.S.C. 551 et seq. and submit a courtesy copy of this correspondence to BIA-FOIA and DOI-FOIA under 5 U.S.C. 552 and tribal or state or federal officials with a particular interest in the subject-matter of this electronic transmission from this Tribal Council. Kindly provide the Court, Tribal Council, California State Attorney General (Indian Affairs), and San Benito County District Attorney with your intentions or status on the abovementioned matter. And, please submit a judicial notice of intervention on alternative dispute resolution or other administrative remedies to remove Ms. Machado from Indian Canyon once and for all.

Last weekend there was a 9-11 emergency call regarding an elderly, non-Native resident, Joseph Gorena of Indian Canyon Road. Seemingly Ms. Machado compelled him to allow her to be his caregiver, as is the former Ann Marie Sayers incident that resulted in physical violence, legal action, a Social Services reporting on elderly neglect and abuse, and other related tort caused upon Indian Canyon reservation, and Indian Canyon Road (non-Native) residents, tribal members, and tribal community personnel and tribal properties.

Thus, for unknown reasons, Ms. Machado refused to drive into town to pick up Mr. Gorena's refill prescription (an oxygen tank) he used to breathe. However, according to a phone call with Gorena's neighbor Ms. Patricia Baker, Machado would regularly drive into town to fetch hard alcohol for Gorena, as is the testimonial evidence of the Sayers elderly abuse report and civil actions shown in the government records. The San Benito County Sheriff managed to get Mr. Gorena to the hospital for a wellness check.

Overall, the Tribal Council and I, as the head of legal affairs for the Indian tribal land and community, have an fiduciary liability to ascertain our residents, visitors, tribal members, and personnel are safe and law abiding under the constitutions of our tribal band and the U.S., Federal Indian Law under DOI, and any applicable Act of Congress (e.g., Public Law 280; 28 U.S.C. 1360). Moreover the integrity and reputation of Tribe and Tribal Community continue to be at risk while Machado remains on the Indian county, interfering with federal U.S. mail properties, tribal community mail, tribal affairs and business interests with other government agencies, in addition to commandeering homes of tribal member- one being the cabin home of Ann-Marie Sayers, where Machado was when the process server delivered court papers to Machado.

<NOTE: A copy of this letter on official letterhead of Tribal Council is annexed as an attachment hereunto.>

---

Cary Peterson
Chief Counsel

Costanoan Indian Research Inc.,

Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,

Costanoan-Chualar Indian Tribal Community of Indian Canyon

1 Indian Canyon Road

Hollister, CA 95024

(831) 531-0055 ext. 23

clpeterson@costanoan.org

www.costanoan.org