# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CARY LEE PETERSON,<br><br>        Defendant. | Case No. 22-cr-0338 BLF<br><br>**DETENTION ORDER**<br><br>Hearing: 9/23/2022 |

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on September 23, 2022, held a hearing to determine detention or release on supervisory conditions for defendant Cary Lee Peterson. He is charged in this case with violating the terms of his supervised release. Supervision of Peterson was transferred from the District of New Jersey after Peterson was convicted of false certification and securities fraud. The defendant appeared at the hearing with his retained counsel Jessie Ortiz, with all parties and counsel appearing personally before the Court. U.S. Probation Officer Cardenas was also present and argued in favor of detaining the defendant.

    Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged

with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community. Here, Peterson did not establish evidence to overcome this burden. The Court considered release to Peterson's home, as requested by Peterson. The Prosecution and Probation Officer each recommended detention. Ultimately, despite Peterson's vigorous challenge to the charges and evidence presented against him, the Court finds that the serious violations alleged here involving fraud and abuse of power; the weight of the evidence; the assertions of deception and lack of truthfulness by Peterson; and the documents (exhibits filed at ECF 6) evidencing Peterson's violations, lead the Court to conclude that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community. Consequently, the Court orders the defendant Peterson to be detained. A preliminary hearing is scheduled before me October 5, 2022, at 1:30 p.m. in San Jose.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: September 23, 2022

_____
Nathanael M. Cousins
United States Magistrate Judge